The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HIDDEN HILLS MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AMTAX HOLDINGS 114, LLC,<br><br>    Defendant.<br><hr>AMTAX HOLDINGS 114, LLC,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>HIDDEN HILLS MANAGEMENT, LLC<br><br>    Counter-Defendant. | Case No. 3:17-cv-06048-RBL<br><br>COUNTER-DEFENDANT HIDDEN HILLS MANAGEMENT, LLC'S ANSWER TO COUNTER-PLAINTIFF AMTAX HOLDINGS 114, LLC'S FIRST AMENDED COUNTERCLAIMS |

Pursuant to Fed. R. Civ. P. 12 Plaintiff Hidden Hills Management, LLC ("HHM") responds to the Counterclaims of Amtax Holdings 114, LLC ("AMTAX") as follows:

**INTRODUCTION**[1]

1.    HHM admits AMTAX is the Investor Limited Partner of Hidden Hills 2001, L.P., whose purpose is described in Section 2.3 of the LPA. The LPA speaks for itself and HHM

---

[1] HHM includes AMTAX's section headings in this Answer for organizational purposes, but denies any argument or allegations contained therein.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 1
Case No. 3:17-cv-06048-RBL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

96917360.1 0009368-00002

denies any characterization of it that is inconsistent with its terms.  HHM admits the allegations in the second sentence of Paragraph 1.  HHM denies the allegations in the third sentence of Paragraph 1.

2. HHM admits it initiated this action on November 14, 2017, but denies any characterization of this action inconsistent with the allegations in the Complaint.  HHM denies the remaining allegations in Paragraph 2.

3. HHM denies the allegations in Paragraph 3.

4. HHM admits AMTAX sent a letter on November 30, 2017 purporting to remove HHM as General Partner of the Partnership, but denies the allegations in that letter, denies that AMTAX validly removed HHM as a General Partner of the Partnership, and denies that the notice is "self-effectuating under the terms of the LPA."  HHM further states that following AMTAX's issuance of the November 30, 2017, letter HHM moved in Pierce County Superior Court for a temporary restraining order and injunction seeking, among other things, to prevent AMTAX from removing HHM.  In response, AMTAX sent a letter dated December 6, 2017 in which it agreed not to take any action to remove or replace HHM as the General Partner of the Partnership while litigation between the parties is pending.  A copy of that letter is attached hereto as Exhibit A.  Except as admitted herein, HHM denies the allegations in Paragraph 4.

5. HHM admits that AMTAX removed this action on December 14, 2017 and asserts counterclaims, but denies that AMTAX is entitled to any of the relief it seeks.

**PARTIES**

6. HHM admits the allegations in the first sentence of Paragraph 6.  HHM lacks sufficient knowledge or information to form a belief concerning the truth of the remaining allegations in Paragraph 6 and therefore denies the same.

7. HHM lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in Paragraph 7 and therefore denies the same.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 2
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

8. HHM lacks sufficient knowledge or information to form a belief concerning the truth of the allegations in Paragraph 8 and therefore denies the same.

9. HHM admits the allegations in the first sentence of Paragraph 9. HHM denies that any of its members are incorporated in the State of Washington, and states that its sole member is an individual. HHM admits the allegations in the third sentence of Paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, HHM admits the allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, HHM admits the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, HHM admits the allegations in Paragraph 12.

## FACTS

**The LIHTC Program**

13. Section 42 of the Internal Revenue Code speaks for itself and HHM denies any characterization of it that is inconsistent with its terms.

14. The LPA governs the parties' relationship and speaks for itself. HHM denies any characterization of the parties' relationship inconsistent with its terms.

15. The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

16. The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

**The Partnership**

17. HHM admits that the Partnership is a Washington State limited partnership governed by the LPA. The LPA speaks for itself and HHM denies any characterization of it

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 3
Case No. 3:17-cv-06048-RBL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

96917360.1 0009368-00002

1  inconsistent with its terms.  HHM admits the allegations in the second sentence of Paragraph 17.  Except as admitted herein, HHM denies the allegations in Paragraph 17.

18.  HHM admits AMTAX made certain capital contributions to the Partnership and holds an ownership interest in the Partnership that exceeds ninety-nine percent.  Except as admitted herein, HHM denies the allegations in Paragraph 18.

19.  The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.  HHM admits that it has the Buyout Option set forth in Section 7.4.J of the LPA as set forth in the Complaint.

20.  The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

21.  The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

22.  The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

23.  The LPA speaks for itself and HHM denies any characterization of it inconsistent with its terms.

**Environmental Indemnity Agreement**

24.  HHM admits that HHM and AMTAX entered into the Environmental Indemnity and ADA Compliance Agreement ("Environmental Indemnity Agreement").  The Environmental Indemnity Agreement speaks for itself and HHM denies any characterization of it inconsistent with its terms.

25.  The Environmental Indemnity Agreement speaks for itself and HHM denies any characterization of it inconsistent with its terms.

**HHM Fails to Observe the Independent Appraisal Process Set Forth in the LPA**

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 4
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

26. HHM admits that it exercised the Buyout Option as defined in the Complaint by letter dated March 14, 2017.  The March 14, 2017 letter speaks for itself and HHM denies any characterization of it inconsistent with its terms.

27. The March 14, 2017 letter speaks for itself and HHM denies any characterization of it inconsistent with its terms.

28. HHM admits Chris Blake acted as AMTAX's agent and communicated with HHM during the appraisal process and negotiation of HHM's Buyout Option, but denies the substantive allegations in Paragraph 28.

29. HHM admits AMTAX obtained an appraisal report from Cushman & Wakefield that assessed the value of the Hidden Hills Apartment Complex at $19,700,000, but denies that AMTAX has complied with its obligations under Section 7.4.J of the LPA.  HHM admits the allegations in the second sentence of Paragraph 29.

30. The C&W appraisal speaks for itself and HHM denies any characterization of it inconsistent with its terms.

31. The C&W appraisal and the broker opinion of value speak for themselves and HHM denies any characterization of those documents inconsistent with their terms.  HHM further denies that the broker opinion of value has any relevance to the determination of fair market value under the LPA.

32. HHM denies the allegations in Paragraph 32.

33. HHM denies the allegations in Paragraph 33.

34. HHM admits that Ms. Tamaro sent a letter to Chris Blake dated June 19, 2017 enclosing the appraisal report obtained by HHM from CBRE.  The letter and appraisal report speak for themselves and HHM denies any characterization of those documents inconsistent with their terms.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 5
Case No. 3:17-cv-06048-RBL

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

96917360.1 0009368-00002

35. HHM admits the CBRE appraisal report assessed the value of the Property at $14,050,000.  The appraisal report speaks for itself and HHM denies any characterization of it inconsistent with its terms.

36. HHM denies the allegations in the first sentence of Paragraph 36.  In response to the allegations in the second sentence of Paragraph 36, the Technical Memorandum speaks for itself and HHM denies any characterization of it inconsistent with its terms.

37. HHM denies the allegations in Paragraph 37.

38. HHM denies the allegations in Paragraph 38, and states that the third appraiser was selected by the first two appraisers in accordance with Section 7.4.J of the LPA.

39. HHM admits its counsel sent the letter dated August 11, 2017.  The August 11, 2017 letter speaks for itself and HHM denies any characterization of it inconsistent with its terms.

40. HHM admits its counsel sent the communication dated September 22, 2017.  The September 22, 2017 communication speaks for itself and HHM denies any characterization of it inconsistent with its terms.

41. The email correspondence referenced in Paragraph 41 speaks for itself and HHM denies any characterization of it inconsistent with its terms.

**AMTAX Removes HHM Based on HHM's Breaches of its General Partner Obligations**

42. HHM admits the allegations in Paragraph 42.

43. HHM admits AMTAX's counsel sent the letter dated November 3, 2017 but denies the allegations contained therein and denies the allegations in Paragraph 43.

44. HHM admits it has not placed the Property on the waitlist for the Voluntary Cleanup Program.  Except as admitted herein, HHM denies the allegations in Paragraph 44.

45. HHM admits it initiated this action on November 14, 2017, but denies any characterization of this action inconsistent with the allegations in the Complaint. HHM further states that it sent to AMTAX's counsel a letter dated December 18, 2017, in which HHM revised

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 6
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1  the relevant calculation of the Interest and acknowledged a total due to the limited partners of

2  $1,051,856.  That letter is attached hereto as Exhibit B, and is incorporated by reference in this

3  pleading as well as in HHM's Complaint.

4  46.   HHM denies the allegations in Paragraph 46.

5  47.   In response to Paragraph 47, HHM incorporates by reference Paragraph 45 and

6  Exhibit B to this Answer.

7  48.   HHM admits AMTAX sent a letter on November 30, 2017 purporting to remove

8  HHM as General Partner of the Partnership, but denies the allegations in that letter and the

9  allegations in Paragraph 48.

10  49.   HHM admits the allegations in Paragraph 49.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

13  50.   HHM incorporates its answers to the allegations set forth above.

14  51.   HHM admits the allegations in Paragraph 51.

15  52.   HHM denies the allegations in Paragraph 52.

16  53.   HHM denies the allegations in Paragraph 53.

17  54.   HHM denies the allegations in Paragraph 54.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

20  55.   HHM incorporates its answers to the allegations set forth above.

21  56.   Paragraph 56 contains legal conclusions to which no response is required.  To the

22  extent a response is required, HHM states that the LPA governs the relationship between the

23  parties and speaks for itself.

24  57.   HHM denies the allegations in Paragraph 57.

25  58.   HHM denies the allegations in Paragraph 58.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 7
Case No. 3:17-cv-06048-RBL

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment: Option Price)

59. HHM incorporates its answers to the allegations set forth above.

60. HHM admits the allegations in Paragraph 60.

61. HHM admits the allegations in Paragraph 61.

62. HHM admits the allegations in Paragraph 62.

63. HHM denies the allegations in Paragraph 63.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment: Removal)

64. HHM incorporates its answers to the allegations set forth above.

65. HHM admits the allegations in Paragraph 65.

66. HHM admits the allegations in Paragraph 66.

67. HHM admits the allegations in Paragraph 67.

68. HHM denies the allegations in Paragraph 68.

### FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment: Duty to Indemnify)

69. HHM incorporates its answers to the allegations set forth above.

70. The Environmental Indemnity Agreement speaks for itself and HHM denies any characterization of it inconsistent with its terms.

71. HHM admits the allegations in Paragraph 71.

72. HHM denies the allegations in Paragraph 72.

73. The Environmental Indemnity Agreement speaks for itself and HHM denies any characterization of it inconsistent with its terms.

74. HHM denies the allegations in Paragraph 74.

### PRAYER FOR RELIEF

HHM denies that AMTAX is entitled to any of the relief sought in its prayer for relief.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 8
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

## AFFIRMATIVE DEFENSES

For its affirmative defenses, HHM alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. AMTAX fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Claims Barred by Contractual Terms)

2. AMTAX claims are barred, released, waived, or otherwise precluded in whole or in part by the terms of the LPA and/or the Environmental Indemnity Agreement.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

3. AMTAX's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

4. AMTAX's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

5. AMTAX's claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
(Prior Breach)

6. AMTAX's claims are barred in whole or in part by reason of prior breaches of the LPA.

### SEVENTH AFFIRMATIVE DEFENSE
(No Proximate Cause)

7. AMTAX is not entitled to any recovery from HHM because no act or omission by HHM was the cause in fact or proximate cause of any damages asserted in this litigation.

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 9
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Claims on Behalf of Partnership)**

8. AMTAX's claims are barred by applicable law to the extent those claims are asserted on behalf of the Partnership.

**ADDITIONAL DEFENSES**

9. HHM reserves the right to amend its answer by way of adding additional affirmative defenses or cross-claims, or by instituting third-party actions as additional facts are obtained through future investigation and discovery.

WHEREFORE, having fully answered the allegations in AMTAX's Counterclaims, HHM requests that the Court enter an order dismissing the Counterclaims with prejudice and in their entirety, and awarding HHM all permissible costs and expenses, including attorneys' fees and costs, as well as such other relief the Court deems just and proper.

DATED: May 14, 2018          STOEL RIVES LLP

*s/ David R. Goodnight*
David R. Goodnight, WSBA No. 20286
Rita V. Latsinova, WSBA No. 24447
J. Scott Pritchard, WSBA No. 50761
600 University Street, Suite 3600
Seattle, WA 98101
Phone: (206) 624-0900
Facsimile: (206) 386-7500
Email: david.goodnight@stoel.com
Email: rita.latsinova@stoel.com
Email: scott.pritchard@stoel.com

Attorneys for Plaintiff Hidden Hills Management LLC

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 10
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

# CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties in the above case.

STOEL RIVES LLP

*s/David R. Goodnight*
David R. Goodnight, WSBA No. 20286
Rita V. Latsinova, WSBA No. 24447
J. Scott Pritchard, WSBA No. 50761
600 University Street, Suite 3600
Seattle, WA 98101
Phone: (206) 624-0900
Email: david.goodnight@stoel.com
Email: rita.latsinova@stoel.com
Email: scott.pritchard@stoel.com

Attorneys for Plaintiff Hidden Hills Management LLC

HHM'S ANSWER TO AMTAX'S COUNTERCLAIMS - 11
Case No. 3:17-cv-06048-RBL

96917360.1 0009368-00002

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*