The Honorable Ronald B. Leighton

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

| | |
|---|---|
| HIDDEN HILLS MANAGEMENT, LLC, | No. 3:17-cv-06048-RBL |
| Plaintiff, | AMTAX HOLDINGS 114, LLC'S OPPOSITION TO HIDDEN HILLS MANAGEMENT, LLC'S MOTION TO AMEND AND SUPPLEMENT THE COMPLAINT |
| v. | |
| AMTAX HOLDINGS 114, LLC, | |
| Defendant. | NOTE ON MOTION CALENDAR: May 25, 2018 |
| AMTAX HOLDINGS 114, LLC, | |
| Counter-Plaintiff, | |
| v. | |
| HIDDEN HILLS MANAGEMENT, LLC, | |
| Counter-Defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ...........................................................................................1

II.     BACKGROUND ............................................................................................1

III.    HHM'S MOTION SHOULD BE DENIED ...................................................4

A.      Plaintiff's Proposed Supplemental Pleading Impermissibly Seeks to Introduce a
        Separate, Distinct, and New Cause of Action ...................................................5

B.      Permitting Plaintiff to Supplement Its Pleading Would Prejudice Defendant ...................7

C.      Plaintiff Sought Leave to Supplement Its Pleading in Bad Faith ......................................8

IV.     CONCLUSION ..............................................................................................10

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – i

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Anthony v. Mason Cty.*,
No. 13-cv-5473-RBL, 2014 WL 1413421 (W.D. Wash. Apr. 11, 2014)................................8

*Codexis, Inc. v. EnzymeWorks, Inc.*,
No. 3:16-cv-00826-WHO, 2017 WL 4236860 (N.D. Cal. Sept. 25, 2017)....................7

*Eid v. Alaska Airlines, Inc.*,
621 F.3d 858 (9th Cir. 2010) ........................................................................................5

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ......................................................................................7

*Foman v. Davis*,
371 U.S. 178 (1962) ......................................................................................................7

*Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*,
377 U.S. 218 (1964) ...................................................................................................5, 9

*Holmberg v. Vail*,
No. 11-cv-5449-BHS-KLS, 2012 WL 3144929 (W.D. Wash. Aug. 1, 2012) ........5

*Keith v. Volpe*,
858 F.2d 467 (9th Cir. 1988)......................................................................................5, 9

*Lover v. District of Columbia*,
248 F.R.D. 319 (D.D.C. 2008) .....................................................................................8

*Lyon v. U.S. Immigration & Customs Enf't*,
308 F.R.D. 203 (N.D. Cal. 2015) .................................................................................7

*Oregon Nat. Desert Ass'n v. McDaniel*,
282 F.R.D. 533 (D. Or. 2012).......................................................................................7

*Planned Parenthood of S. Arizona v. Neely*,
130 F.3d 400 (9th Cir. 1997) ...............................................................................5, 6, 7, 9

*Rivera v. McGaffey*,
No. 11-cv-5942-RJB-KLS, 2013 WL 28240 (W.D. Wash. Jan. 2, 2013)..............6

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) ........................................................................7, 8

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – ii

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

**Rules**

Federal Rule of Civil Procedure 15(a)......................................................................4, 7

Federal Rule of Civil Procedure 15(d) ...............................................................1, 5, 7

**Other Authorities**

6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ........................................8

6A Wright & Miller, Fed. Prac. & Proc. Civ. § 1504 (3d ed.) .....................................4

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – iii

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1    Defendant and Counter-Plaintiff AMTAX Holdings 114, LLC ("Defendant") respectfully

2    submits this Opposition to Plaintiff and Counter-Defendant Hidden Hills Management, LLC's

3    Motion to Amend and Supplement its Complaint ("Motion").

4    **I.    INTRODUCTION**

5    Plaintiff and Counter-Defendant Hidden Hills Management, LLC ("Plaintiff") has sued

6    Defendant in connection with an affordable housing development in University Place,

7    Washington (the "Hidden Hills Complex").  The Hidden Hills Complex is owned by Hidden

8    Hills 2001, L.P., a low-income housing tax credit ("LIHTC") limited partnership (the "Hidden

9    Hills Partnership").  Defendant is the Hidden Hills Partnership's Investor Limited Partner, and

10   Plaintiff is its General Partner. The Hidden Hills Partnership is governed by an Amended and

11   Restated Agreement of Limited Partnership (the "Hidden Hills LPA"), which contains a specific

12   procedure that Plaintiff must follow to exercise its option to purchase Defendant's interest in the

13   Hidden Hills Partnership.  At bottom, this case is about (1) whether Plaintiff properly exercised

14   its option to purchase Defendant's interest in the Hidden Hills Partnership, and (2) whether

15   Defendant or Plaintiff is responsible for the costs of environmental remediation at the Hidden

16   Hills Complex.

17   Plaintiff's Motion, however, seeks leave to "amend and supplement" its complaint to add

18   claims brought by a completely different plaintiff against a completely different defendant and

19   involving a completely different property, partnership, and partnership agreement.  This Court

20   should deny Plaintiff's motion because: (a) Plaintiff's proposed supplemental pleading seeks to

21   introduce a separate, new, and distinct cause of action in contravention of Federal Rule of Civil

22   Procedure 15(d); (b) permitting Plaintiff to supplement its pleading in the manner proposed

23   would prejudice Defendant; and (c) Plaintiff moved to supplement its pleading in bad faith.

24   **II.    BACKGROUND**

25   Plaintiff filed this action in Pierce County Superior Court on November 14, 2017, and

26   Defendant removed the action to this Court on December 14, 2017.  Through its action, Plaintiff

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 1

1    seeks to force Defendant to sell its interest in the Hidden Hills Partnership for millions of dollars

2    less than the price Defendant is entitled to receive.  Plaintiff failed, however, to follow the

3    procedures set forth in the Hidden Hills LPA for exercising its purchase option.  Specifically,

4    Plaintiff violated Section 7.4.J of the Hidden Hills LPA by: (a) improperly influencing the

5    independent appraisal process in an effort to depress the appraised value of the Hidden Hills

6    Complex and thereby reduce the price Plaintiff would have to pay to exercise its option to

7    purchase Defendant's interest in the Hidden Hills Partnership; and (b) secretly hiring a third

8    appraiser in violation of the appraiser selection provisions of Section 7.4.J while falsely

9    representing to Defendant that it remained interested in Defendant's proposal to list and market

10   the property for sale.  As a result of Plaintiff's misconduct, Defendant sent a letter on November

11   30, 2017 notifying Plaintiff that Defendant was exercising its right under Section 4.5(A)(iv)(2) of

12   the Hidden Hills LPA to remove Plaintiff as a General Partner of the Hidden Hills Partnership

13   based on material breaches by Plaintiff of its contractual and fiduciary duties.  On December 21,

14   2017, Defendant brought counterclaims against Plaintiff, which Defendant subsequently

15   amended on April 30, 2018 to include claims related to Plaintiff's obligation to indemnify

16   Defendant for any harm or loss arising out of the environmental condition of the Hidden Hills

17   Complex.

18        Non-party AMTAX Holdings 169, LLC ("AMTAX 169") is the Investor Limited Partner

19   of Parkway Apartments, LP, a LIHTC limited partnership (the "Parkway Partnership") formed to

20   develop, own, operate, and ultimately dispose of an affordable housing development in Federal

21   Way, Washington (the "Parkway Apartments").  The Parkway Partnership is governed by an

22   Amended and Restated Agreement of Limited Partnership (the "Parkway LPA").  334th Place

23   2001, LLC ("334th Place") is the General Partner of the Parkway Partnership.  Although

24   Catherine Tamaro is the managing member of both 334th Place and Plaintiff, neither Plaintiff nor

25   Defendant have any ownership interest in the Parkway Partnership or the Parkway Apartments.

26

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 2

1    Starting in late 2017, AMTAX 169 began to uncover questionable activity by 334th Place

2 in its capacity as General Partner of the Parkway Partnership.  On January 3, 2018, 334th Place

3 sent a letter purporting to exercise its option to purchase AMTAX 169's interest in the Parkway

4 Partnership.

5    On March 6, 2018, AMTAX 169 sent a letter to 334th Place stating that it was evaluating

6 questionable activity by 334th Place in its capacity as General Partner of Parkway Partnership,

7 including 334th Place's failure to maximize rental income, the disproportionately high growth of

8 operating expenses at the Parkway Apartments, and the payment of fees and distributions to

9 334th Place and/or its affiliates that were not permitted by or in excess of the amounts permitted

10 by the Parkway LPA.  (*See* Declaration of Eric S. Pettit ("Pettit Decl.") ¶ 3, Exh. A.)  AMTAX

11 169 explained that it would address 334th Place's purported exercise of its purchase option once

12 AMTAX 169 had completed its review of those issues.  (*Id.*)

13    AMTAX 169 was preparing to send a letter detailing material defaults by 334th Place

14 when, on the morning of May 8, 2018, Plaintiff's counsel emailed Defendant's counsel

15 requesting that Defendant stipulate to an amendment of Plaintiff's complaint to include

16 allegations and claims regarding the Parkway Apartments, the Parkway Partnership, the Parkway

17 LPA, 334th Place, and AMTAX 169.  (*See* Pettit Decl. ¶ 4, Exh. B.)  Plaintiff's counsel stated

18 that Plaintiff would file a motion for leave to amend by the close of business that same day if

19 Defendant did not stipulate to the amendment.  (*Id.*)

20    Defendant's counsel responded that afternoon.  (*See id.*)  Defendant's counsel forwarded

21 a letter from AMTAX 169 to 334th Place "that addresses certain issues raised in [Plaintiff's]

22 proposed amendment."  (*See id.*)  AMTAX 169's letter stated that: (a) 334th Place is in default of

23 its obligation to maximize partnership income by increasing rental rates at the Parkway

24 Apartments to levels permitted under the LIHTC program; (b) 334th Place has paid itself or its

25 affiliates more than $1.5 million in fees that were either unauthorized or grossly exceeded the

26 authorized fee amounts, violating the Parkway LPA and 334th Place's fiduciary duties; (c) the

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 3

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1    operating expenses of the Parkway Apartments have substantially and inexplicably outpaced

2    inflation; and (d) 334th Place's actions have resulted in substantial economic losses to the

3    Parkway Partnership and to AMTAX 169 and thus constitute grounds for 334th Place's removal

4    from the Parkway Partnership.  (*See* ECF No. 26, Exh. 1.)  AMTAX 169 explained that 334th

5    Place could not effectively invoke its purchase option until 334th Place cured the breaches of the

6    Parkway LPA described above.  (*Id.*)  AMTAX 169 promised to refrain from removing 334th

7    Place from the Parkway Partnership until May 18, 2018 in order to permit 334th Place to cure

8    these breaches.  (*Id.*)

9           In his email forwarding the letter, Defendant's counsel expressed his hope that the issues

10   raised in AMTAX 169's letter would be considered and addressed before Plaintiff went forward

11   with its motion to amend.  (*See* Pettit Decl. ¶ 4, Exh. B.)  Defendant's counsel also questioned in

12   his email whether Plaintiff's proposed amendment was appropriate given that it sought to add

13   new parties and allegations relating to a completely different property, and requested that

14   Plaintiff's counsel provide a draft of the motion before filing it so that Defendant could assess

15   what, if any, authority would support permitting Plaintiff's proposed amendment.  *See id.*

16   Plaintiff ignored this request, however, and filed its motion to amend and supplement its

17   complaint on the evening of May 8, 2018.  (ECF No. 25.)

18   **III.   HHM'S MOTION SHOULD BE DENIED**

19          Federal Rule of Civil Procedure 15(a) applies to matters that occurred prior to the filing

20   of the original pleading.  6A Wright & Miller, Fed. Prac. & Proc. Civ. § 1504 (3d ed.).  To the

21   extent Plaintiff's Motion seeks to be more specific in identifying the existing parties and claims

22   in this action, or to cite federal rather than state law in an amended complaint, Defendant does

23   not oppose such amendments.

24          The Motion, however, seeks to accomplish much more.  Specifically, Plaintiff seeks to

25   add non-party 334th Place as a plaintiff, to add non-party AMTAX 169 as a defendant, and to

26   assert allegations and claims related to the Parkway Apartments, the Parkway Partnership, and

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 4

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1    the Parkway LPA based on conduct that allegedly began on December 31, 2017.  (ECF No. 25,

2    Exh. A ¶¶ 6–10, 38–47, 52–54, Prayer for Relief ¶¶ 3–5.)

3          Where, as here, a party seeks to file new claims based on facts that did not exist when the

4    original complaint was filed, Federal Rule of Civil Procedure 15(d) applies.  *See Eid v. Alaska*

5    *Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010).  While Rule 15(d) contemplates that "persons

6    participating in these new events may be added if necessary[,]" *Keith v. Volpe*, 858 F.2d 467,

7    475 (9th Cir. 1988) (quoting *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227

8    (1964)), Rule 15(d) does not permit Plaintiff to supplement its complaint by introducing new

9    factual allegations, new claims, and new parties that have no relation to the original complaint.

10   As explained below, the Court should deny Plaintiff's Motion because: (a) Plaintiff's proposed

11   supplemental pleading seeks to introduce a separate, new, and distinct cause of action in

12   contravention of Rule 15(d); (b) permitting Plaintiff to supplement its pleading in the manner

13   proposed would prejudice Defendant; and (c) Plaintiff brought its Motion in bad faith.

14         **A.      Plaintiff's Proposed Supplemental Pleading Impermissibly Seeks to**

15                 **Introduce a Separate, Distinct, and New Cause of Action**

16         The Ninth Circuit has held that a supplemental pleading "cannot be used to introduce a

17   separate, distinct and new cause of action."  *Planned Parenthood of S. Arizona v. Neely*, 130

18   F.3d 400, 402 (9th Cir. 1997) (citations and quotation marks omitted).  Rather, for a

19   supplemental pleading to be proper under Rule 15(d), "some relationship must exist between the

20   newly alleged matters and the subject of the original action[.]"  *Keith*, 858 F.2d 467, 474 (9th

21   Cir. 1988); *see also Holmberg v. Vail*, No. 11-cv-5449-BHS-KLS, 2012 WL 3144929, at *2

22   (W.D. Wash. Aug. 1, 2012) ("The threshold consideration for the district court is whether the

23   supplemental facts connect [the supplemental pleading] to the original pleading." (quotation

24   marks omitted, alteration in original)).

25         Here, Plaintiff's Motion impermissibly seeks to supplement its pleading with a "separate,

26   distinct, and new cause of action."  *Neely*, 130 F.3d at 402 (quotation marks omitted).  (*See also*

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 5

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1   ECF No. 25, Exh. B ¶¶ 52–55 (adding new "Cause of Action for Declaratory Relief Regarding

2   Parkway Dispute").)  Indeed, Plaintiff's proposed claim would not even be asserted by Plaintiff

3   itself nor would it be asserted against Defendant. Instead, the proposed claim would be asserted

4   by a non-party against another non-party.  The proposed claim, moreover, has nothing to do with

5   the Hidden Hills Complex, and relates instead to a completely different apartment complex in

6   which neither Plaintiff nor Defendant have any ownership interest.

7            There is also no overlap between the dispute at issue in this lawsuit and the claim

8   Plaintiff seeks to add through its Motion.  The primary issue in this case is whether Plaintiff

9   followed the independent appraisal process set forth in Section 7.4.J of the Hidden Hills LPA in

10  connection with the exercise of its option to purchase Defendant's interest in the Hidden Hills

11  Partnership and, if so, what price Plaintiff must pay for that interest.  The primary issue in

12  dispute regarding the Parkway Apartments, by contrast, is whether 334th Place is entitled to

13  exercise its option *at all* given its breaches of the Parkway LPA and its fiduciary duty violations,

14  including its failure to maximize partnership income, its payment of unauthorized or excessive

15  fees to itself and affiliates, and its payment of excessive operating expenses.  In light of these

16  differences, it is unsurprising that Plaintiff makes no attempt in its Motion or its proposed

17  supplemental pleading to connect its supplemental allegations to its allegations in the original

18  complaint.

19           Plaintiff's new allegations and claims are more properly the subject of a separate action

20  brought by 334th Place.  *See Neely*, 130 F.3d at 402 ("The supplemental complaint filed by

21  plaintiffs involved a new and distinct action that should have been the subject of a separate

22  suit."); *see also Rivera v. McGaffey*, No. 11-cv-5942-RJB-KLS, 2013 WL 28240, at *2–3 (W.D.

23  Wash. Jan. 2, 2013) (denying leave to amend and concluding that the new claim should be the

24  subject of a separate action where the parties involved in the new claim and the evidence to

25  support the new claim were distinct from the existing claim).  There are no "technical obstacles"

26  to bringing a separate action, and the lack of any factual or substantive overlap between the

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 6

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1   existing and the proposed new allegations make it easy to extract those new allegations and

2   assert them in a separate action.  *Neely*, 130 F.3d at 402 (noting that the "general purpose of the

3   Rules [regarding amended and supplemental complaints is] to minimize technical obstacles to a

4   determination of the controversy on its merits").

5       Granting Plaintiff leave to supplement would thus be inconsistent with the purpose of

6   Rule 15(d), and the Court should deny Plaintiff's motion to supplement its complaint on this

7   basis alone.

8       **B.      Permitting Plaintiff to Supplement Its Pleading Would Prejudice Defendant**

9       Even where, unlike here, a proposed supplemental pleading does not seek to add a

10  separate, distinct, and new cause of action, courts consider the factors relevant to a Rule 15(a)

11  motion to amend when considering whether to permit a supplemental pleading.  *See Lyon v. U.S.*

12  *Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015); *Oregon Nat. Desert Ass'n*

13  *v. McDaniel*, 282 F.R.D. 533, 537 (D. Or. 2012).  These factors are (1) undue delay, (2) bad faith

14  or dilatory motive on the part of the movant, (3) repeated failure of previous amendments,

15  (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *See Foman v.*

16  *Davis,* 371 U.S. 178, 182 (1962).  Among these factors, "it is the consideration of prejudice to

17  the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc*., 316

18  F.3d 1048, 1052 (9th Cir. 2003); *see also Codexis, Inc. v. EnzymeWorks, Inc.*, No. 3:16-cv-

19  00826-WHO, 2017 WL 4236860, at *2 (N.D. Cal. Sept. 25, 2017) ("[I]t is generally accepted

20  that prejudice and bad faith are the most important factors to consider.").

21      "'Prejudice,' in the context of a motion to amend, means undue difficulty in prosecuting a

22  lawsuit as a result of a change of tactics or theories on the part of the other party."  *Wizards of*

23  *the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quotation

24  marks omitted).  Here, Defendant would be prejudiced if Plaintiff were permitted to inject into

25  this lawsuit new allegations, claims, and parties in connection with a dispute over an unrelated

26  property, partnership, and partnership agreement.  The deadline for filing a motion to join parties

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 7

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1  passed on March 1, 2018, more than two months ago.  (*See* ECF No. 19.)  The Parties, moreover,

2  have already engaged in substantial discovery – propounding and responding to discovery

3  requests, issuing third party subpoenas, and producing thousands of documents.  The proposed

4  supplemental complaint, however, contains new parties and unrelated claims that would require

5  additional discovery.  The additional discovery that would be necessary for the allegations and

6  claims relating to non-parties 334th Place and AMTAX 169 would needlessly delay the progress

7  of the case actually before the Court.

8          Plaintiff's proposed allegations will also result in a lengthier and more complicated trial,

9  in which two separate sets of facts regarding the Hidden Hills Complex and Parkway Apartments

10  are likely to confuse and mislead the jury.  *See* 6 Wright & Miller, Fed. Prac. & Proc. Civ.

11  § 1487 (3d ed.) ("[I]f the court determines that the proposed amendment would result in

12  defendant being put to added expense and the burden of a more complicated and lengthy trial or

13  that the issues raised by the amendment are remote from the other issues in the case and might

14  confuse or mislead the jury, leave to amend may be denied."); *Lover v. District of Columbia*, 248

15  F.R.D. 319, 323 (D.D.C. 2008) (when determining whether to permit an amendment that would

16  add a new party, "the court should consider whether there is a risk of jury confusion before the

17  claims of multiple plaintiffs can be tried in a single action"); *cf. Anthony v. Mason Cty.*, No. 13-

18  cv-5473-RBL, 2014 WL 1413421, at *5 (W.D. Wash. Apr. 11, 2014) (granting a motion to

19  amend in part because "[t]he witnesses, parties and most of the significant facts ha[d] not

20  changed").  Defendant should not be compelled to engage in an unnecessarily complex trial

21  involving claims in which it has no interest whatsoever, and a jury should not be asked to engage

22  in the difficult task of compartmentalizing evidence when Defendant's proposed supplemental

23  allegations bear no relation to the existing complaint.

24          **C.      Plaintiff Sought Leave to Supplement Its Pleading in Bad Faith**

25          "In the context of a motion for leave to amend, 'bad faith' means acting with intent to

26  deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast*, 309 F.R.D. at 651.  In his

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 8

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022

1  May 8, 2018 email to Plaintiff's counsel, Defendant's counsel respectfully requested that

2  Plaintiff refrain from bringing its Motion until 334th Place had an opportunity to consider the

3  issues raised in AMTAX 169's letter, or, in the alternative, that Plaintiff's counsel provide a draft

4  of the Motion before filing so that Defendant could evaluate whether any authority supported

5  amending the complaint in the manner sought by Plaintiff.  (*See* Pettit Decl. ¶ 4, Exh. B.)

6  Plaintiff, however, ignored these requests, and unnecessarily filed its Motion only hours after

7  receiving a response from Defendant's counsel.

8        Given the opportunity to meet and confer in good faith, Defendant would have explained

9  that the case on which Plaintiff justifies its proposed addition of new claims and parties to this

10 lawsuit bears no relation to the facts present here, and provides no support for Plaintiff's Motion.

11 (*See* Motion at 2 (quoting *Keith*, 858 F.2d at 475).)  In *Keith*, a group of individuals and

12 organizations brought a lawsuit relating to the potential dislocation of people living in the path of

13 a planned freeway in the Los Angeles area.  *See Keith*, 858 F.2d at 470.  While *Keith* does

14 contain generic language supporting the proposition that "new claims, new parties, and events

15 occurring after the original action are all properly permitted under Fed. R. Civ. P. 15(d)[,]" *id.* at

16 475, it also made clear that the new claims, parties, and events must relate in some way to the

17 same underlying dispute that led to the lawsuit being filed in the first place.  *See id.* at 474 ("The

18 concern in the original action, the consent decree, and the supplemental complaint is the same—

19 the availability of replacement housing for persons displaced by the Century Freeway."); *see also*

20 *Griffin*, 377 U.S. at 226–27 (permitting the addition of new parties and claims where the "new

21 transactions were alleged to have occurred as part of continued, persistent efforts to circumvent

22 our 1955 holding that Prince Edward County could not continue to operate, maintain, and

23 support a system of schools in which students were segregated on a racial basis").

24       Here, unlike in *Keith* or *Griffin*, the new allegations, claims, and parties that Plaintiff

25 seeks to add through its Motion are completely independent of the facts originally giving rise to

26 this lawsuit, and thus are inappropriate to add through Rule 15(d).  *See Neely*, 130 F.3d at 402.

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 9

1 | The Motion accordingly is completely lacking in merit, and Plaintiff's insistence on proceeding
2 | in this improper manner has forced Defendant and the Court to expend limited resources
3 | unnecessarily.

4 | **IV.     CONCLUSION**

5 |          For all of the foregoing reasons, Plaintiff's Motion should be denied.

6 |

7 | DATED:  May 21, 2018                    By: /s/ Christopher G. Caldwell
8 |                                         Christopher G. Caldwell (admitted *pro hac vice*)
   |                                         Eric S. Pettit (admitted *pro hac vice*)
9 |                                         **BOIES SCHILLER FLEXNER LLP**
   |                                         725 S. Figueroa Street, 31st Floor
10 |                                        Los Angeles, CA 90017-5524
   |                                        Telephone:  (213) 629-9040
11 |                                        Facsimile:  (213) 629-9022
   |                                        Email:  ccaldwell@bsfllp.com
12 |                                                epettit@bsfllp.com

13 |                                        David J. Burman, WSBA #10611
   |                                        Steven D. Merriman, WSBA #44035
14 |                                        **Perkins Coie LLP**
   |                                        1201 Third Avenue, Suite 4900
15 |                                        Seattle, WA  98101-3099
   |                                        Telephone:  206.359.8000
16 |                                        Facsimile:  206.359.9000
   |                                        Email:  DBurman@perkinscoie.com
17 |                                                SMerriman@perkinscoie.com

18 |                                        Attorneys for Defendant and Counter-Plaintiff
   |                                        AMTAX Holdings 114, LLC

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

OPPOSITION TO MOTION TO AMEND
AND SUPPLEMENT THE COMPLAINT
No. 3:17-cv-06048-RBL – 10

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | On May 21, 2018, I caused to be served upon the below named counsel of record, at the |
| 3 | address stated below, via the method of service indicated, a true and correct copy of the |
| 4 | foregoing document. |

| David R. Goodnight<br>Rita V. Latsinova<br>J. Scott Pritchard<br>Stoel Rives LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101<br>Phone: (206) 624-0900<br>Facsimile: (206) 386-7500<br>Email: david.goodnight@stoel.com<br>Email: rita.latsinova@stoel.com<br>Email: scott.pritchard@stoel.com | __X__ Via the Clerk's eFiling Application<br>_____ Via hand delivery<br>_____ Via U.S. Mail, 1st Class,<br>Postage Prepaid<br>_____ Via Overnight Delivery<br>_____ Via Facsimile<br>_____ Via Email |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington, on May 21, 2018.


/s/ Steven D. Merriman
Steven D. Merriman

CERTIFICATE OF SERVICE
No. 3:17-cv-06048-RBL – 1

**Boies Schiller Flexner LLP**
725 South Figueroa Street, 31st Floor
Los Angeles, CA  90017-5524
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022