

**ARWEN R. JOHNSON**
ajohnson@bsfllp.com

**VIA EMAIL AND
FIRST-CLASS MAIL**

November 2, 2018

Scott Pritchard, Esq.
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
scott.pritchard@stoel.com

Re:   *Hidden Hills Management, LLC, et al. v. AMTAX Holdings 114, LLC, et al. and Related
      Counter-Claims* (Case No. 3:17-cv-06048-RBL)

Dear Mr. Pritchard:

I write in response to your October 30, 2018 letter. First, your claim that Mr. Blake was not prepared to answer questions during his October 26, 2018 deposition relating to Topic 14 in in the Rule 30(b)(6) Notice to Amtax Holdings 169, LLC ("Amtax") is simply incorrect. As you are aware, Mr. Blake was produced subject to Amtax's written objections served on October 12, 2018, including our objections that Topic 14 called for information based on attorney-client privilege and attorney work product and called for expert testimony or opinion. Nevertheless, Mr. Blake answered your questions on Topic 14 for several hours, including testifying to the elements and components of the various categories of damages that Amtax is seeking in this litigation, and explaining the grounds for those damages under the various written agreements between the parties. Only after Mr. Blake testified that he could not remember each of the particular amounts that comprised the more than $100,000 in unauthorized Project Management Fees that 334th Place accrued, as alleged in Paragraph 74c of Amtax's counterclaims, did you erroneously claim he was not adequately prepared. As Mr. Blake explained, however, while he had not memorized those amounts, he provided a specific description of the manner in which those amounts could be determined (*i.e.*, by reviewing the net rental income received by the Partnership each year, reviewing the Project Management Fees incurred each year, reviewing the Project Management Fees paid each year, and assessing the extent to which the amount of Project Management Fees accrued exceeded the 4% Net Rental Income cap set forth in the Partnership Agreement). Mr. Blake thus explained the elements of Amtax's damages and the bases for them, as Topic 14 asked him to do; the fact that he could not remember each amount comprising the more than $100,000 unauthorized Project Management Fees that 334th Place accrued is irrelevant. *See Risinger v. SOC, LLC*, 306 F.R.D. 655, 663 (D. Nev. 2015) (noting that "Rule 30(b)(6) is not designed to be a memory contest").



Scott Pritchard, Esq.
November 2, 2018
Page 2

Given your client's utter lack of preparation for her Rule 30(b)(6) deposition on October 24, 2018, your claim that Mr. Blake was inadequately prepared is particularly absurd. Indeed, Ms. Tamaro testified that she had not even *seen* the 30(b)(6) deposition notice setting forth the topics on which she had been designated to testify prior to her deposition, that she had not reviewed the partnership agreement and that she had only minimally prepared for her testimony. As a result, Ms. Tamaro frequently responded that she could not possibly answer basic questions on a particular topic, or, when asked to explain certain fees she and/or her affiliates had charged, stated that it was just a matter of numbers. A corporate party "'does not fulfill its obligations at the Rule 30(b)(6) deposition by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available.'" *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 36 (2001). To the contrary, "[p]roducing an unprepared witness is tantamount to a failure to appear at a deposition" and sanctionable under Rule 37(d). *Id.* (citations omitted). We expect that Ms. Tamaro will be prepared at the next session of her deposition to answer questions related to all the topics set forth in the deposition notice to 334th Place, and reserve the right to seek additional time to question her based on her failure to reasonably educate herself on the designated topics in advance of her previous deposition.

In short, the assertions in your letter are not well-taken. To the extent that you wished for Amtax to break out and quantify the exact amounts underlying each element of its claimed damages, you could have propounded a written interrogatory to that effect prior to Mr. Blake's deposition, but failed to do so. *See* O'Connell, et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, Calif. & 9th Cir. Ed., ¶ 11:1661 (The Rutter Group Mar. 2018) (explaining that interrogatories are better suited than depositions for obtaining specific data, including amounts). Nevertheless, in an effort to resolve this contrived dispute and streamline the remainder of Mr. Blake's deposition, we will agree to produce by Wednesday, November 7, 2018 a writing that quantifies each element of damages that Amtax seeks and the bases for those damages.

Your October 30 letter also requests that Amtax produce all documents relating to its investigation of the unauthorized and/or excessive fees that Ms. Tamaro charged. The investigation and subsequent accounting of 334th Place's inappropriate fees that occurred in early 2018 was undertaken at the direction of Amtax's counsel, and was prepared for and in anticipation of the instant litigation with input from counsel. As such, it is unquestionably privileged. *See, e.g.*, *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (documents qualify for the work product protection where, as here, they were "prepared by a party or his representative in anticipation of litigation"); Fed. R. Civ. P. 26(b)(3)(A); *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 904-05 (9th Cir. 2004) (concluding



that documents were protected by the work product doctrine because "Torf created the withheld documents at the direction of McCreedy, an attorney who was hired to defend Ponderosa in impending litigation with the government.") (emphasis added)); *Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379, 381–83 (D. Ariz. 2010) (concluding that all of the documents created under an investigation undertaken at direction of in-house counsel and performed under the direction of a party employee constitute work product); *USA Tire Mktg. Inc. v. Torque Transp.*, No. 07-CV-5470-BHS, 2008 WL 3540241, at *3 (W.D. Wash. Aug. 11, 2008) (concluding that reports prepared at the direction of plaintiff's counsel were prepared in anticipation of litigation and were not discoverable). While you are certainly able to inquire about the *facts* supporting Amtax's claimed damages, your repeated demands for privileged communications that Mr. Blake had during Amtax's investigation of its damages and associated work product were and are improper.

Indeed, the document produced at AMTAXHH00019120-21 that you showed Mr. Blake during his deposition—wherein Mr. Blake requested an analysis of Ms. Tamaro's unauthorized fees in connection with the current litigation—was sent by Mr. Blake at the direction of Amtax's counsel and is therefore privileged and protected. This is also true of the reply email that Ms. Dias sent to Mr. Blake on December 13, 2017, which was produced at AMTAXHH00020525-26. Both of these documents were produced inadvertently by our office, and, accordingly, we hereby demand that you abide by Paragraph 9 of the parties' Stipulated Protective Order entered by the Court on March 16, 2018, which requires you to comply with Federal Rule of Civil Procedure 26(b)(5)(B) and also to agree to a non-waiver order under Federal Rule of Evidence 502.

Again, we do not dispute that you are entitled to factual information supporting the amounts of damages that Amtax is seeking. We have produced all responsive, non-privileged documents supporting our calculation of Amtax's damages and, as noted above, will also provide you with a writing explaining their precise calculation. We will not, however, provide you with attorney-client privileged communications or protected attorney work product on this topic or any other.

On that note, you have requested that Amtax produce a privilege log in accordance with the Federal Rules of Civil Procedure that identifies all responsive documents that are being withheld on privilege grounds. Amtax is willing to agree to a prompt mutual exchange of privilege logs so that the parties may evaluate their respective claims of privilege. Please let me know when you would propose that the parties make such an exchange.



Scott Pritchard, Esq.
November 2, 2018
Page 4

We are available to discuss these matters at your convenience. Nothing in this letter is intended to waive any of my clients' rights or remedies, all of which are expressly reserved.

Very truly yours,

ARWEN R. JOHNSON

cc (via email only):    Alison Wadle, Esq.