FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HIDDEN HILLS MANAGEMENT, LLC, a Washington limited liability company; 334TH PLACE 2001, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMTAX HOLDINGS 114, LLC, an Ohio limited liability company; AMTAX HOLDINGS 169, LLC, <br><br> Defendants-Appellees. | No.  19-35861 <br><br> D.C. No. 3:17-cv-06048-RBL <br><br><br> MEMORANDUM[*] |
| HIDDEN HILLS MANAGEMENT, LLC, a Washington limited liability company; 334TH PLACE 2001, LLC, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> AMTAX HOLDINGS 114, LLC, an Ohio limited liability company; AMTAX HOLDINGS 169, LLC, <br><br> Defendants-Appellants. | No.  19-35862 <br><br> D.C. No. 3:17-cv-06048-RBL |

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted March 4, 2021
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[**] Senior District Judge.

These cross-appeals arise from disputes in two Washington partnerships: (1) the Hidden Hills Partnership, with general partner Hidden Hills Management, LLC (HHM) and limited partner AMTAX 114, LLC; and (2) the Parkway Partnership, with general partner 334th Place, LLC and limited partner AMTAX 169, LLC. The district court had original jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment determination de novo. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018). The district court's legal conclusions following a bench trial also receive de novo review, while its findings of fact are reviewed for clear error. *Bertelsen v. Harris*, 537 F.3d 1047, 1056 (9th Cir. 2008). We affirm.

---

[**] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

**1.** The district court correctly determined that the Hidden Hills environmental indemnity agreement applied to the option process set out in § 7.4(J) of the partnership agreement. Our goal in interpreting a contractual provision is to ascertain the parties' intent. *Berg v. Hudesman*, 801 P.2d 222, 226 (Wash. 1990) (en banc). We do so by examining the text and the parties' objective manifestations. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en banc). The text of the indemnity agreement is clear that the parties intended to indemnify AMTAX 114 against "any and all . . . loss[es]" related to the known soil contamination. That indemnity is not limited to distributions between AMTAX 114 and the Hidden Hills Partnership itself. The district court did not err in finding that the indemnity agreement prohibited deducting contamination costs from the appraisal.[1]

**2.** We reject the AMTAX entities' claim that the general partners' delay in providing the 2018 financial statements requires their removal. We need not resolve the parties' dispute over the applicable standard of review for these removal proceedings because the result is the same under either standard. There is no dispute that the 2018 statements were late. However, the delay is not grounds

---

[1] Therefore, the district court's prohibition on disclosing potential contamination expenses to a future appraiser and its fee award also stand.

for removal because the limited partners contributed to that delay.  *See Refrigeration Eng'g Co. v. McKay*, 486 P.2d 304, 309 (Wash. Ct. App. 1971) (party "cannot take advantage" of a failure that it caused).  The partnerships' CPA testified at trial that had AMTAX's expert witness not accused her of materially misstating prior audits, she would have issued the 2018 statements, despite not formally withdrawing until after the audits were due.  The district court found her testimony credible, a determination that we uphold absent clear error.  *See Earp v. Davis*, 881 F.3d 1135, 1145 (9th Cir. 2018).  The AMTAX entities should not benefit from their obstruction of the audit process.  The delayed 2018 statements do not support removal.

**3.**    HHM's interference in the Hidden Hills appraisal process did not warrant its removal because AMTAX 114 did not suffer economic detriment.  The text of the partnership agreement's removal provision does not support AMTAX 114's interpretation.  Section 4.5(A)(iv)(2) allows the general partner's removal for a violation of § 7 of the agreement or any "material provision of [the] Agreement."  But the limited partner must demonstrate a reasonable expectation of economic detriment.  AMTAX 114 did not present evidence that the alleged breaches caused economic detriment.  Thus, removal of HHM is unwarranted.

**4.** AMTAX 169's derivative claims against 334th Place are barred by the parties' contractually imposed business judgment rule. Although the business judgment rule generally does not apply to partnerships, *see Scott v. Trans-Sys. Inc.*, 64 P.3d 1, 5 (Wash. 2003) (en banc), the partnership agreement shielded 334th Place from liability for good faith decisions that damaged the partnership. As the district court found, 334th Place acted in good faith to manage the affairs of the Parkway property. There is no evidence that 334th Place attempted to hide any of the partnership's expenses from AMTAX 169, and AMTAX 169 had several opportunities to discover and challenge the now-disputed fees but did not. AMTAX 169's derivative claims fail.[2]

**5.** Finally, the district court correctly determined that 334th Place's breaches of the partnership agreement, if any, did not rise to the level of removal because 334th Place managed the affairs of the partnership throughout the compliance period in good faith.

**AFFIRMED.** The parties shall bear their own costs on appeal.

---

[2] AMTAX 169's alternative argument that the district court ignored various fees at trial is belied by the record. The district court "considered each of [the] fees in detail during the trial" but found that only two of the challenged fees were "even 'debatable' on the merits."